IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUGUST IMAGE, LLC, <br>     Plaintiff, <br><br> v. <br><br> TRIFECTA HEALTH LLC d/b/a TRIFECTA MED SPA, <br>     Defendant, | ) <br> ) <br> ) <br> ) Civil Action No.: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

The plaintiff August Image, LLC ("Plaintiff"), by its undersigned attorney, R. Terry Parker, Esq., for its Complaint against the defendant Trifecta Health LLC d/b/a Trifecta ("Defendant"), alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

### PARTIES

2. Plaintiff is a New York Corporation with a principal place of business at 22 West 23rd Street, 3rd Floor, New York, New York 10010.

3. Upon information and belief, Defendant is a domestic limited liability company registered in the State of New York with a principal place of business at 115 Broadway, Number 1305, New York, NY 10006.

### JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright

1

infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this judicial district and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A. Plaintiff's Business

7. Plaintiff is a boutique agency offering a uniquely creative caliber of photography from its full-service rights managed collection. Plaintiff is the exclusive representative for an elite group of creative and innovative contemporary photographers specializing in celebrity and fashion photography and video. On behalf of its award-winning photographers, Plaintiff licenses photographic works from its catalogue to various third parties for various purposes, including editorial, advertising, corporate, and non-profit purposes. In short, Plaintiff takes care of the business of monetizing the works of its photographers so that the photographers can take care of the business of creating award winning works.

8. At issue in this case is a work by the celebrated photographer Joe Pugliese ("Photographer"), for whom Plaintiff serves as the exclusive licensing agent.

9. Photographer created the following photograph, referenced as AU1756848.jpg and referred to herein as the "Copyrighted Work":



10. The Copyrighted Work is an original work of authorship.

11. Plaintiff is the exclusive licensee of the copyrights in and to the Copyrighted Work.

12. Plaintiff licenses the Copyrighted Work for professional applications including editorial, advertising, corporate and non-profit use.

13. The Copyrighted Work is registered with the United States Copyrighted Office, Registration No. VAu 1-177-344.

B. **Defendant's Unlawful Activities**

14. Plaintiff has discovered Defendant infringing Plaintiff's exclusive copyrights in the Copyrighted Work.

15. Specifically, Plaintiff discovered the Copyrighted Work being reproduced, distributed, used in the creation of derivative works, and publicly displayed, without Plaintiff's authorization by Defendant on the Instagram platform, a copy of the screenshot of which is

depicted here:



16. Upon information and belief, Defendant located the Copyrighted Work on the Internet and, without authorization from Plaintiff, downloaded the Copyrighted Work to computer systems owned or operated by Defendant, and then used the Copyrighted Work in the creation of webpages to for the commercial purpose of selling Defendant's goods, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing, creating unlawful derivative works, and publicly displaying the Copyrighted Work.

17. Defendant's infringement did not begin and end with the first publication of the Copyrighted Work of Plaintiff on Defendant's various websites because Defendant stored the Copyrighted Work on computer servers and computer systems and machines owned by Defendant where, in the last three years, the Copyrighted Work was reproduced, distributed, and publicly displayed by Defendant each time computer users in New York, and elsewhere, viewed Defendant's infringing webpages. In order for computer users to view the Copyrighted Work on

monitors located in New York, Defendant had to reproduce digital copies of the Copyrighted Work from its servers and then distribute the digital copies through the Internet to the computer monitors and display screens where the Copyrighted Work were then publicly displayed without Plaintiff's authorization.

18. Defendant is thus directly responsible for the unlawful reproduction, distribution, derivation, and public display of the Copyrighted Work within the last three years.

19. Defendant's reproduction, distribution, derivation, and public display of the Copyrighted Work are without Plaintiff's authorization.

20. Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Work are knowing and willful and in reckless disregard of Plaintiff's copyrights in that Defendant, a sophisticated company familiar with copyright law and the need to seek a license for the use of the Copyrighted Work, knew it did not have permission to use Plaintiff's Copyrighted Work and deliberately did so anyway.

## **CLAIM FOR RELIEF**
## **DIRECT COPYRIGHT INFRINGEMENT**
## **(17 U.S.C. § 101 *et seq.*)**

21. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

22. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

23. As exclusive licensee, Plaintiff has sufficient rights, title and interest in and to the copyrights in the Copyrighted Work to bring suit.

24. Upon information and belief, as a result of Plaintiff's licensing and public display of the Copyrighted Work to others, Defendant had access to the Copyrighted Work prior to the

creation of Defendant's infringing website.

25. By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, using in the creation of an unlawful derivative works, and publicly displaying the Copyrighted Work at the infringing website.

26. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

27. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

28. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

29. In the alternative, and at Plaintiff's election, to the extent allowed by 17 U.S.C. § 412, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § § 504(c), in the amount of $150,000 for each Copyrighted Work with respect to the infringing reproduction, distribution, use in derivative work(s), or public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

30. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Work, or any portion or derivation of the Copyrighted Work;

4. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement pursuant to the Copyright Act;

6. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505 for each instance of copyright infringement;

7. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or

continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's or to participate or assist in any such activity; and

9. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: December 14, 2023

                                      Respectfully submitted,

                                      /s/ *R. Terry Parker*
                                      R. Terry Parker, Esquire
                                      Law Office of R. Terry Parker
                                      43 W. 43rd Street, Suite 275
                                      New York, New York 10036-7424
                                      Tel : (212) 859-5068
                                      Email: terry@rterryparkerlaw.com

                                      *Attorney for Plaintiff*
                                      *August Image, LLC*